UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HAROLD STERLING, *et. al.*,
    *Plaintiffs*,

v.

SECURUS TECHNOLOGIES, INC., *et. al.*,
    *Defendants.*

No. 3:18-cv-1310 (VAB)

**RULING ON PREVIOUS MOTIONS TO DISMISS**

Consistent with its inherent authority to manage its docket, *see Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016), the Court issues the following orders:

First, the Court *sua sponte* **GRANTS** Plaintiffs leave to file the Amended Complaint, dated December 18, 2018 and does so *nunc pro tunc*.

Under Rule 15 of the Federal Rules of Civil Procedure, a "party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Plaintiffs originally filed their Complaint on February 23, 2018 in state court, which was removed to this Court on August 8, 2018. *See* ECF Nos. 1, 1-1. In response to this filing, Defendants moved to dismiss the Complaint on August 15, 2018. *See* ECF Nos. 24, 27, 29, 31. Because Plaintiff's Amended Complaint, filed on December 18, 2018, is more than twenty-one days after Defendants served their motions to dismiss, under Rule 15(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs could not file their Amended Complaint as a matter of right.

Instead, under Rule 15 (a)(2), Plaintiffs needed either "the opposing party's written consent or the court's leave," Fed. R. Civ. P. 15(a)(2), to file the Amended Complaint.

1

Defendants have not expressly consented to the filing of the Amended Complaint, but all of them have filed motions to dismiss the Amended Complaint. As a result, because Rule 15 calls for the Court to grant leave "when justice so requires" and to "facilitate a proper decision on the merits," *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)); *Monahan v. N.Y. City Dept. of Corr*, 214 F.3d 275 (2d Cir. 2000), the Court grants Plaintiffs leave to file the Amended Complaint on the docket. And consistent with "facilitat[ing] a proper decision on the merits," the Court recognizes this Amended Complaint as having been filed on December 18, 2018, in order for the motions to dismiss now pending before the Court to be addressed.

Second, as a consequence of the Court having granted Plaintiffs leave to file the Amended Complaint, the Amended Complaint now becomes the operative Complaint in this case. Accordingly, the motions to dismiss previously filed by the Defendants as to that Complaint, *see* ECF Nos. 24, 27, 29, 31, are now **DENIED** as moot. *See Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008) ("Where the proposed amendment requires leave of court, the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave.").

Third, there is a pending request from the Plaintiffs to communicate with each other because they are in separate facilities. ECF No. 40. This request is **DENIED**. While this case has more than one plaintiff, it has not been styled as a class action. Indeed, thus far, every plaintiff is self-represented in this case. At this stage of the litigation, the Court sees no reason to grant this request. After review of the Amended Complaint and the pending motions to dismiss, the Court,

however, will consider whether counsel should be appointed to facilitate the administration of this case.

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of February 2019.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE