# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

HAROLD STERLING, *et al.*,
  *Plaintiffs*,

v.                                        No. 3:18-cv-1310 (VAB)

SECURUS TECHNOLOGIES, INC., *et al.*,
  *Defendants.*

## RULING AND ORDER ON MOTION TO DISMISS

Harold Sterling, Christopher Shuckra, David Myles, and Marlon Brathwaite (collectively, "Plaintiffs") have sued Securus Technologies, Inc. ("Defendant" or "Securus") for negligent and willful violations of the Telephonic Consumer Protection Act under 47 U.S.C. §§ 227(b) and (c). Second Am. Compl., ECF No. 113 at 1 (Oct. 6, 2019), and seek statutory damages and injunctive relief. *Id.* ¶¶ 13–14, 17–18, 21–22, 43–44.

For the following reasons, the motion to dismiss is **GRANTED.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations

Beginning in October 2015, Securus allegedly contacted Plaintiffs on their cellular telephone numbers ending in -7321, -0869, -3497, and -3324, in an attempt to solicit the purchase of Defendant's services. Second Am. Compl. ¶ 1. Defendants allegedly continued to call Plaintiffs collectively hundreds of times over the course of three years through an "automatic telephone dialing system." *Id.* ¶ 2–3. Securus allegedly "contacted or attempted to contact Plaintiffs from telephone number (877) 710-1116" and allegedly none of the calls were for emergency purposes as defined by 47 U.S.C. 227(b)(1)(A). *Id.* ¶ 4–5. The calls from Securus allegedly "were placed to telephone number[s] assigned to a cellular service for which Plaintiffs

incur" charges for incoming calls. *Id.* ¶ 6. At all relevant times, Plaintiffs allege Securus did not

have their prior express consent "to receive calls using an automatic telephone dialing system or

an artificial or prerecorded voice on [their] cellular telephone pursuant to 47 U.S.C. §

227(b)(1)(A)." *Id.* ¶ 7. Plaintiffs further allege that Securus "did not have in place procedures for

the maintenance of an internal do-not-call list for telemarketing purposes in violation of 47

U.S.C. § 227(c)[.]" *Id.* ¶ 8.  Plaintiffs allegedly "suffered an invasion of a legally protected

interest in privacy, which is specifically addressed and protected by the TCPA." *Id.* ¶ 9.  Through

their alleged calls, Securus "forced Plaintiffs to live without the utility of their cellular phones by

forcing Plaintiffs to silence their cellular phones and/or block incoming numbers." *Id.* ¶ 10.

### B.  Procedural History

On August 8, 2018, Defendants removed this action from the Connecticut Superior

Court, Judicial District of Waterbury. Notice of Removal, ECF No. 1 (Aug. 8, 2018); Ex. A –

Compl., ECF No. 1-1 (Aug. 8, 2018).

After Defendants filed various, timely motions to dismiss the initial Complaint, Plaintiffs

timely filed an Amended Complaint. *See* ECF Nos. 24, 27, 29; Am. Compl., ECF No. 56 (Dec.

18, 2018). In response, Defendants again filed various, timely motions to dismiss the Amended

Complaint. *See* ECF Nos. 60, 62, 66, 69. Plaintiffs filed various, timely objections. *See* ECF Nos.

97, 99.

On July 26, 2019, the Court granted Defendants Securus, ABRY, Platinum, and AT&T's

motions to dismiss. Ruling and Order on Mot. to Dismiss, ECF No. 201 (July 26, 2019). The

Court dismissed all claims against AT&T, *id.* at 7, all claims against ABRY, *id.* at 9–10, all

claims against Platinum, *id.* at 11, and all claims against Securus, *id.* at 13–21.

On September 11, 2019, Plaintiffs twice sought an extension of time and leave to file a

second amended Complaint. Mot., ECF No. 106 (Sept. 11, 2019); Mot. ECF No. 108 (Sept. 24, 2019).

On September 25, 2019, the Court granted Plaintiffs' motion for leave to file a second amended Complaint. Order, ECF No. 109 (Sept. 25, 2019).

On October 6, 2019, Plaintiffs filed a timely Second Amended Complaint against Securus. Second Am. Compl.

On November 20, 2019, Securus filed a timely motion to dismiss, supporting memorandum, and notice. Mot. to Dismiss, ECF No. 117 (Nov. 20, 2019); Mem. in Supp., ECF No. 118 (Nov. 20, 2019) ("Def.'s Mem."); Notice, ECF No. 119 (Nov. 20, 2019).

On February 25, 2020, Plaintiffs filed an objection to the motion to dismiss. Obj., ECF No. 124 (Feb. 25, 2020) ("Pls.' Obj."). While the objection was timely, the Court had granted numerous extensions of time to Plaintiffs, over the objection of Securus. Obj. to Extension of Time, ECF No. 122 (Feb. 10, 2020).

On February 27, 2020, Securus replied. Reply, ECF No. 126 (Feb. 27, 2020).

## II.   STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." (internal citations omitted)). Second, "only a

complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at

679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible."

*Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*,

589 F.3d 542, 546 (2d Cir. 2009)).

     When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court

takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views

the allegations in the light most favorable to the plaintiff and draws all inferences in the

plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York

v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss

for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff,

accepting the complaint's allegations as true.")).

     A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review

"to the facts as asserted within the four corners of the complaint, the documents attached to the

complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy

v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider

"matters of which judicial notice may be taken" and "documents either in plaintiffs' possession

or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs.,

Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp.

2d 140, 144 (D. Conn. 2005).

*Pro se* complaints "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 473 (2d Cir. 2006)); *cf. Teichmann v. N.Y.*, 769 F.3d 821, 825 (2d Cir. 2014) ("Although we liberally construe Teichmann's *pro se* amended complaint, we still require that he plead facts sufficient to state a claim to relief that is plausible on its face." (internal quotation marks omitted) (citing *Triestman*, 470 F.3d at 474, and quoting *Iqbal*, 556 U.S. at 678)); *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) ("Because Fowlkes appeared *pro se* before the District Court, he is 'entitled to special solicitude,' and we will read his pleadings 'to raise the strongest arguments that they suggest.' . . . . At the same time, a *pro se* complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'") (quoting *Triestman*, 470 F.3d at 477; *Twombly*, 550 U.S. at 570)).

## III.   DISCUSSION

Plaintiffs allege violations of the Telephone Consumer Protection Act ("TCPA"), specifically of 47 U.S.C. § 227(b) and (c). The claims include violations of the use of an automatic telephone dialing system, the knowing and/or willful use of an automatic telephone dialing system, the failure to maintain an internal do-not-call list, and the knowing or willful failure to maintain an internal do not call list. Second Am. Compl. at 1.

### A.  The Telephone Consumer Protection Act

Congress passed the Telephone Consumer Protection Act ("TCPA") to protect individual consumers from receiving intrusive and unwanted calls. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 371 (2012) ("Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance

5

calls."). Under the TCPA, it is generally unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice – to any . . . cellular telephone service [or] residential telephone line[.]" 47 U.S.C. §§ 227(b)(1)(A–B); *Jennings v. Continental Serv. Grp., Inc.*, 239 F. Supp. 3d 662, 665 (W.D.N.Y. 2017) ("The [TCPA] creates a private right of action providing for statutory damages in the amount of $500 for each violation as well as injunctive relief against future violations." (quoting *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharm., Inc.*, 847 F.3d 92, 94–95 (2d Cir. 2017)).

To state a claim under the TCPA, a consumer must allege that the defendant: (1) made more than one telephone call within a 12-month period, (2) to a telephone covered by the Act, (3) using an automatic dialing system, artificial or prerecorded voice, (4) without the prior consent of the recipient. *Jennings*, 239 F. Supp. 3d at 665; 47 U.S.C. §§ (b)(1)(A–B), (c)(5). The statute defines an automatic dialing system as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1); *King v. Time Warner Cable Inc.*, 894 F.3d 473, 481 (2d Cir. 2018) ("In sum, we conclude that the term 'capacity' in the TCPA's definition of a qualifying autodialer should be interpreted to refer to a device's current functions absent any modifications to the device's hardware or software.").

"[A]lleged violations of the TCPA need not be pled with particularity." *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015) (citing *McCabe v. Caribbean Cruise Line, Inc.*, No. 13-CV-6131, 2014 WL 3014874, at *1, *4 (E.D.N.Y. July 3, 2014) ("On or about September 23, 2013, McCabe[,] a New York resident, received a free cruise robocall on his cellular telephone, which was a New York area code. The automated recording

encouraged McCabe to 'press 1' to take a 'free cruise survey . . . . ' I conclude, however, that McCabe's allegations that the call he received contained a 'prerecorded message' and was made by an 'automatic-dialing mechanism,' are sufficient to plausibly state a claim under these statutes." (internal citations omitted))); *Owens v. Starion Energy, Inc.*, No. 3:16-CV-01912 (VAB), 2017 WL 2838075, at *5 (D. Conn. June 30, 2017) ("In the absence of any binding case law indicating otherwise, this Court . . . concludes that detailed allegations regarding the time and date of each telephone call are not required at this early stage.").

But "[p]laintiffs must do more than simply parrot the statutory language." *Baranski v. NCO Fin. Sys., Inc.* No. 13 CV 6349 ILG JMA, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (collecting cases and explaining that "although there is no binding precedent in this circuit, the vast majority of courts to have considered the issue have found that a bare allegation that defendants used an ATDS is not enough" (alterations in the original)).

### A.  47 U.S.C. § 227(b)

First, Securus argues that Plaintiffs' Second Amended Complaint lacks "any allegations from which the use of an automatic telephone dialing system (ATDS) can be plausibly inferred[.]" *Id.* at 5.[1] In their view, "[w]ithout any materially different and more detailed allegations regarding Securus's alleged use of an ATDS, the Court's prior ruling on this very deficiency should control." *Id.* at 6. Second, Securus argues that "any messages Plaintiffs received from Securus are required by state law and were consented to by Plaintiffs through their voluntary use of the Securus ICS pursuant to the operative Securus Tariff." *Id.* at 7.[2] Automatic

---

[1] "The statute defines an 'automatic telephone dialing system' ('ATDS' or 'autodialer') as 'equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." *King*, 894 F.3d at 474 (quoting 42 U.S.C. § 227(a)(1)).

[2] Defendant also notes that Plaintiffs and Defendant entered into a contract for use of Defendant's services, and, not only did Plaintiffs consent to the notifications, but state law "explicitly provides that Securus may send automatic notifications to either the inmate or user regarding remaining account balances." Def.'s Mem. at 7. The Court,

notifications of account balances, to either the inmate or use, are required by Connecticut state law. *Id.* While Plaintiffs allege the calls they received were solicitations "to purchase ICS[,] . . . . [t]here is no basis to infer . . . that Securus automatically calls people to solicit purchase of its services like a third party telemarketer using an ATDS." *Id.* at 8. Furthermore, according to Securus, Plaintiffs consented to receiving notifications from it.[3]

Plaintiffs argue that the TCPA claims in the Second Amended Complaint "are legally sufficient and meet the pleading requirements of the TCPA[.]" Pls.' Obj. at 2. As "they have provided the number from which the automated calls originated from, which number is to this day owned by defendant Securus Technologies, Inc.[,]" Plaintiffs argue that they have satisfied their pleading burden. *Id.* Plaintiffs additionally argue that they "believe that there are additional phone numbers previously owned by them to which automated calls were made by the defendant to the plaintiffs in violation of the TCPA." *Id.*

In its reply, Securus argues that including the number from which the alleged automated calls originated from is insufficient and "not enough to state a claim under the TCPA[.]" Reply at 1. Nor does anything in the objection cure the defect "that Plaintiffs failed to provide the requisite 'factual detail to support an inference that an automatic telephone dialing system was used.'" *Id.* (quoting *Sterling v. Securus Techs., Inc.*, No. 18-cv-1310 (VAB), 2019 WL 3387043, at *6–*7 (D. Conn. July 26, 2019)).

The Court agrees.

---

however, need not consider Plaintiffs' consent because Plaintiffs' conclusory allegations fail to sufficiently plead a cause of action.

[3] Defendant further argues that "[t]he notifications that Securus does provide—as required under its Contract with [Connecticut] or permitted under the Tariff—are, on their face, not advertisements or telemarking[,]" and users voluntarily and affirmatively sign up for these services. Def.'s Mem. at 8.

Plaintiffs allege only that "Defendant used an 'automatic dialing system[;]'" that the "Defendant's calls constituted calls that were not for emergency purposes[;]" that Defendant called Plaintiffs hundreds of times over a three year period without Plaintiffs' consent; that Defendant did not maintain a do-not-call list; and, lastly, provide the phone number the Defendant used. Second Am. Compl. ¶¶ 2–8.

Plaintiffs fail to allege, however, many relevant facts necessary to state a cognizable TCPA claim. *See Owens*, 2017 WL 283075 at *3 (a plaintiff's allegations describing the number dialed as a "'home' or 'residential' telephone number" was sufficient to survive a motion to dismiss premised on a failure to specify whether the plaintiff's phone number was a residential or business number); *Baranski*, 2014 WL 1155304 at *6 ("Plaintiffs need not plead 'specific technical details' regarding [a defendant's] use of an ATDS, but they must at least describe, in laymen's terms, the facts about the calls or the circumstances surrounding the calls that make it plausible that they were using an ATDS." (citing *Johansen*, 2012 WL 6590551, at *3)). There is no allegation that of a pre-recorded voice or automatic message from Securus, or any indication of the content and purpose of the calls Plaintiffs received. Without more specific allegations, Plaintiffs' claim cannot proceed.

Accordingly, Securus's motion to dismiss the Plaintiffs' claim under 47 U.S.C. § 227(b) will be granted.

**B.  47 U.S.C. § 227(c)**

Securus argues that "Plaintiff[s'] allegations related to § 227(c) provide no detail whatsoever as to the nature or extent of this alleged violation – including whether Plaintiffs' cellular numbers are residential or business lines." Def.'s Mem. at 9. In its view, because the Court "previously dismissed Plaintiffs' TCPA claim, in part, for failing to allege whether or not

the alleged calls they received from Securus were made to residential or business lines[,]" the Court should again dismiss the Second Amended Complaint for the same reasons. *Id.* According to the Defendant, Plaintiffs' failure to "allege that they ever request[ed] to be placed on the national do-not-call list" is fatal to their attempted Section 227(c) claim. *Id.*

Plaintiffs have not responded to this argument.

The Court agrees with Defendant.

With an additional second opportunity to amend their Complaint, Plaintiffs have provided no additional allegations regarding the maintenance or procedures for a do-not-call list. *See* Second Am. Compl. ¶ 8 ("Plaintiff alleges that Defendant did not have in place procedures for the maintenance of an internal do-not-call list for telemarketing purpose [sic] in violation of 47 U.S.C. § 227(c)."). *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 556 ("an allegation of [] conduct and a bare assertion of [a violation] will not suffice").

Accordingly, Securus' motion to dismiss the Plaintiffs' claims under 47 U.S.C. § 227(c) will be granted.

### C.  Knowing and Willful Violations of 47 U.S.C. §§ 227(b) and (c)

The TCPA creates a private right of action and provides statutory damages of $500 for each violation of the act. *Physicians Healthsource, Inc.*, 847 F.3d at 94–95. A plaintiff may receive treble damages under the TCPA, however, "if the court finds that the defendant willfully or knowingly violated this bisection." 47 U.S.C. § 227(b)(3).

Securus argues that the knowing and/or willful violations of Sections 227(b) and (c) fail for the same reasons and, additionally, because "Plaintiffs' assertions that Securus' conduct was

'willful or knowing' are based on legal conclusions, unsupported by further allegations." Def.'s Mem. at 10.

Plaintiffs have not responded to this argument.

The Court agrees with Defendants.

As the Court has already determined that Plaintiffs' TCPA underlying claims will be dismissed, their claims of knowing and willful violations also will be dismissed.

**D.  Dismissal with Prejudice**

Securus lastly requests that the case be dismissed with prejudice as "Plaintiffs have failed to cure any of the defects previously identified by the Court [and] [t]hey have not and cannot plausibly plead that Securus violated the TCPA." Def.'s Mem. at 10.

Plaintiffs have not responded to this argument.

In its reply, Securus again requests that the Court dismiss Plaintiffs' Second Amended Complaint with prejudice. Reply at 1.

The Court agrees.

Plaintiffs have been granted a second opportunity to sufficiently plead their claims and they have failed to do so. *See Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is [not] an abuse of discretion to deny leave to amend." (internal citation omitted)); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (affirming dismissal with prejudice because, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not abuse of [the district court's] discretion to deny leave to amend").

Accordingly, the dismissal of Plaintiffs' claims and this lawsuit will be with prejudice.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**.

The Clerk of Court is directed respectfully to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of May, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE